UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X   Case No.  1:25-cv-2262
SHANITA BURSE,

                Plaintiff,

                                                                  **COMPLAINT**

   -against-

CUNEX, INC.,                                                 Plaintiff Demands
                                                                    A Trial By Jury

                Defendant.
------------------------------------------------------------------X

Plaintiff, Shanita Burse, by and through her attorneys, Arcé Law Group, P.C., upon information and belief, complains of Defendant as follows:

## INTRODUCTION

1. Plaintiff complains pursuant to the Americans with Disabilities Act, as amended, 42 U.S.C. §12101 *et seq*. ("ADA") and Title VII of the Civil Rights Act of 1964, as codified, 42 U.S.C. §2000e *et seq*. ("Title VII"), seeking damages to redress the injuries she has suffered as a result of being discriminated against on the basis of her sex/gender and actual and/or perceived disability, together with failure to engage in the interactive process, failure to provide a reasonable accommodation, retaliation and unlawful termination.

## JURISDICTION AND VENUE

2. The Court has jurisdiction pursuant to 42 U.S.C. §12101 *et seq*. and 42 U.S.C. §2000e *et seq*.

3. This action involves a Question of Federal Law.

4. Venue is proper in this district based upon the fact that a substantial part of the events and omissions giving rise to the claim occurred within the Eastern District of the State of New York.  28 U.S.C. §1391(b).

5. On or about October 17, 2022, Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC").

6. On or about January 24, 2025, Plaintiff received a Notice of Right to Sue Letter from the EEOC.

7. This action is brought within ninety (90) days of said Notice of Right to Sue Letter.

## PARTIES

8. Plaintiff is a disabled, black, female resident of the State of New York, County of Queens.

9. At all times material, Defendant CUNEX, INC. (hereinafter "CUNEX") was and is a domestic business corporation duly incorporated under the laws of the State of New York.

10. At all times material, Defendant CUNEX was and is authorized to conduct business in the State of New York, and does conduct business in the State of New York.

11. At all times material, Defendant CUNEX's principal place of business was and is 1055 Stewart Avenue, Suite 17, Bethpage, NY 11714.

12. At all times material, Defendant CUNEX was and is a vehicle fleet, comprised of over 240 vehicles and which does third-party contract work for Federal Express ("FedEx").

13. At all times material, Plaintiff was an employee of Defendant CUNEX.

14. In or around July 2021, Plaintiff began working for Defendant CUNEX as a Delivery Driver with an hourly pay rate of $20.00.

15. Because Plaintiff worked full time, her gross weekly pay was approximately $800.00, which meant her annual pay was approximately $41,600.

16. For the first few months of her employment, Plaintiff had no performance-related issues.

17. However, on or about October 29, 2021, Plaintiff's then supervisor, Pat (last name currently unknown), began to sexually harass her.

18. For example, that day, Pat asked Plaintiff for her cellphone number so he could reach her when she was "on the road" for work-related reasons.

19. Nevertheless, that night, Pat text messaged Plaintiff that his "lady" was "**mostly into [Black] guys**" and then asked her "**do you know any**?"

20. Taking Pat's text message to mean that his "lady" wanted to have sexual intercourse with a Black man, Plaintiff was offended and replied, "**What[?] This is very inappropriate**."

21. However, Pat continued to sexually harass Plaintiff, sending a picture of his wife and texting, "**That [picture] of my wife, she loves her some Black dick if you're interested**."

22. The next day, again, reasonably believing that Pat was sexually propositioning her, Plaintiff reported Pat's sexually harassing text messages to Jose Perez, Defendant CUNEX's Human Resources Manager.

23. Within days, Pat was fired.

24. However, Defendant CUNEX then began to retaliate against Plaintiff for complaining about Pat's sexually harassing behavior and getting him terminated.

25. For example, in or around November 2021, Plaintiff began getting significantly more packages assigned to her truck, as compared to the other drivers, which made her load significantly heavier and burdensome to manage as the sole driver of her truck.

26. Accordingly, in or around the middle of November 2021, Plaintiff verbally reported her concerns about the excess packages to Mr. Perez and further complained that she felt **it was in retaliation for complaining about Pat's sexually harassing behavior**.

27. While Jose reassured Plaintiff that he would address her complaints, Plaintiff continued to find her truck loaded to the brim with excess packages.

28. As such, on or about November 21, 2021, Plaintiff text messaged Mr. Perez a photograph of her "jam packed" delivery vehicle and expressed concern that she could get injured working in those conditions.

29. Mr. Perez merely replied that he was not working that day and then did not respond to any of Plaintiff's texted complaints.

30. Fearing physical injury and given Mr. Perez' failure to address her complaints, Plaintiff started leaving some packages at the loading station for other drivers to deliver so she could safely operate her vehicle. This was fairly common and at no point did Plaintiff ever get counseled for this practice.

31. **Supervisors at Defendant CUNEX then began blanketing Plaintiff with retaliatory write-ups.**

32. For example, in or around the end of December 2021, Plaintiff asked supervisor, Jayden (last name currently unknown), if she could leave early to pick her son up from school.

33. Plaintiff provided Jayden with a school note and was granted permission to leave early.

34. However, **that day**, Jayden issued Plaintiff a write-up for not delivering packages during the time she was permissibly away from work picking up her son.

35. Additionally, unbeknownst to Plaintiff, supervisor, O'Neill McIntosh, was repeatedly writing up Plaintiff behind her back for not delivering packages, despite never counseling her for not doing so or ever pointing out to Plaintiff specific packages that she was responsible for, but did not, deliver.

36. In reality, Defendant CUNEX's supervisors resented Plaintiff for getting Pat terminated, considered her a "whiner" or a "squeaky wheel" and sought to create a pretextual paper trail to justify her eventual termination.

37. Meanwhile, in further retaliation, around the end of December 2021, Plaintiff was also rerouted to a different, less affluent area. The consequence of this adjustment was that Plaintiff was removed from an area where she was on a "first name" basis with residents to whom she delivered packages, and from whom she received gracious tips.

38. For the next few months, Plaintiff dealt with this "targeting" behavior.

39. However, on or about March 4, 2022, Plaintiff was involved in a car accident during one of her days off.

40. Plaintiff sustained a shoulder injury as a result of this accident, was prescribed physical therapy, and was out of work for nearly three weeks to recover from her injuries.

41. Plaintiff provided Mr. Perez with doctor's notes advising Defendant CUNEX of her medical condition, substantiating her need for a medical leave of absence, and clearing her to return to work on March 23, 2022, with the following limitations: 1) no lifting over 30 pounds; 2) no prolonged standing or walking and; 3) no bending or crawling. Plaintiff's doctor's notes also indicated that she would be re-evaluated in two to three weeks.

42. Plaintiff's position did not require her to lift objects that weighed more than 30 pounds.

43. Additionally, although Plaintiff's role required her to exit her vehicle and deliver packages to various locations during her shift, it did not necessitate prolonged periods of standing or walking.

44. Moreover, Plaintiff was able to arrange the packages within her vehicle in a manner that allowed her to complete deliveries without the need for bending.

45. As such, Plaintiff reasonably believed that she could return to work and perform the essential functions of her position pursuant to her doctor's above-described recommendations.

46. Accordingly, on or about March 23, 2022, Plaintiff reported to work.

47. However, Defendant CUNEX refused to place Plaintiff on the schedule and claimed that there were "no vans" for Plaintiff to drive.

48. However, this was false. Defendant CUNEX had a robust fleet of vehicles.

49. In reality, Defendant CUNEX used this pretextual excuse to justify further insulating her from the company.

50. After March 23, 2022, Plaintiff was no longer scheduled for any shifts — an adverse action taken in retaliation for both her request for a reasonable accommodation and her prior complaint regarding Pat's sexually harassing conduct.

51. Then, on or about April 8, 2022, Mr. Perez called Plaintiff and told her that Defendant CUNEX "could not keep her on" because "she resigned on March 23, 2022."

52. Again, this was false.

53. Plaintiff tried to return to work on March 23, 2022, but was told there were no vehicles for her to drive.

54. In fact, Plaintiff texted multiple supervisors between March 24, 2022 and March 30, 2022, asking when she could return to work, and was told each time, "there is no work for you."

55. At no point did Defendant CUNEX engage in an interactive process with Plaintiff to discuss her requested accommodations, explore potential alternatives, or communicate that it could not accommodate her restrictions. Instead, the company remained silent, failing to fulfill its obligation to consider reasonable accommodations in good faith.

56. This complete lack of communication constitutes a failure to engage in the interactive process and a per se violation of the ADA.

57. Nevertheless, on or about April 12, 2022, Mr. Perez continued to "run with the lie" by trying to have Plaintiff sign a letter, via DocuSign, stating that she resigned on March 23, 2022.

58. Plaintiff text messaged Mr. Perez that she was not comfortable signing the resignation letter because she did not resign from her position, and ultimately refused to do so.

59. In reality, Defendant CUNEX perceived Plaintiff as a "complainer" and "troublemaker" for reporting Pat's sexual harassment, and as "too disabled" to do her job given that she had just gotten into a car accident and had previously complained about the excess number of packages being loaded on her work vehicle.

60. Moreover, Defendant CUNEX's conduct was intended to retaliate against Plaintiff for requesting a reasonable accommodation and to conceal its discriminatory actions by mischaracterizing her termination as a voluntary resignation.

61. Defendant CUNEX created a hostile work environment that no reasonable person would tolerate.

62. Defendant CUNEX would not have harassed and discriminated against Plaintiff but for her sex/gender, and/or actual and/or perceived disability.

63. Defendant CUNEX would not have retaliated against Plaintiff but for her complaints of sexual harassment and/or her request for a reasonable accommodation.

64. Defendant CUNEX failed to engage in the interactive process.

65. Plaintiff was qualified to perform the essential functions of her position, with or without reasonable accommodation, and her restrictions did not pose an undue burden on Defendant CUNEX.

66. As a result of Defendant CUNEX's actions, Plaintiff felt and continues to feel extremely humiliated, degraded, victimized, embarrassed, and emotionally distressed.

67. As a result of Defendant CUNEX's discriminatory and intolerable treatment of Plaintiff, she suffered, and continues to suffer, severe emotional distress and physical ailments.

68. As a result of the acts and conduct complained of herein, Plaintiff has suffered and will continue to suffer the loss of income, the loss of a salary, bonuses, benefits and other compensation which such employment entails, and Plaintiff has also suffered future pecuniary losses, emotional pain, suffering, inconvenience, loss of enjoyment of life, and other non-pecuniary losses.  Plaintiff has further experienced severe emotional and physical distress.

## AS A FIRST CAUSE OF ACTION
## UNDER THE ADA
## DISCRIMINATION

69. Plaintiff repeats, reiterates, and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

70. Plaintiff claims that Defendant CUNEX violated Title I and V of the Americans with Disabilities Act of 1990 (Publ. L. 101-336) as amended, as these titles appear in volume 42 of the United States Code, beginning at section 12101. Sec. 12112 specifically states:

    a. General Rule- No covered entity shall discriminate against a qualified individual with a disability because of the disability of such individual in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment.

71. Defendant CUNEX violated the above and Plaintiff suffered numerous damages as a result.

72. Plaintiff hereby makes a claim against Defendant CUNEX under all applicable paragraphs of 42 U.S.C. §12101 *et seq*.

## AS A SECOND CAUSE OF ACTION
## UNDER THE ADA
## RETALIATION AND INTERFERENCE

73. Plaintiff repeats, reiterates, and realleges each and every allegation made in the above paragraphs of this Complaint as if same were set forth herein fully at length.

74. Sec. 12203 of the ADA. Prohibition against retaliation and coercion provides as follows:

    (a) Retaliation: No person shall discriminate against any individual because such individual

    has opposed any act or practice made unlawful by this chapter or because such individual made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this chapter.

  (b) Interference, coercion, or intimidation: It shall be unlawful to coerce, intimidate, threaten, or interfere with any individual in the exercise or enjoyment of, or on account of his or her having exercised or enjoyed, or on account of his or her having aided or encouraged any other individual in the exercise or enjoyment of, any right granted or protected by this chapter.

75. Defendant CUNEX violated Plaintiff's above rights as set forth herein.

**AS A THIRD CAUSE OF ACTION
UNDER FEDERAL LAW
<u>DISCRIMINATION</u>**

76. Plaintiff repeats, reiterates, and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

77. This claim is authorized and instituted pursuant to the provisions of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e et seq., as amended, for relief based upon the unlawful employment practices of Defendant CUNEX. Plaintiff complains of Defendant CUNEX violation of Title VII's prohibition against discrimination in employment based, in whole or in part, upon an employee's sex/gender.

78. Defendant CUNEX engaged in unlawful employment practices prohibited by Title VII by discriminating against Plaintiff on the basis of her sex/gender, together with unlawful termination.

**AS A FOURTH CAUSE OF ACTION
UNDER FEDERAL LAW
<u>RETALIATION</u>**

79. Plaintiff repeats, reiterates, and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

80. Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e-3(a) provides that it

9

shall be an unlawful employment practice for an employer:

> "(1) to…discriminate against any of his employees…because he has opposed any practice made an unlawful employment practice by this subchapter, or because he has made a charge, testified, assisted or participated in any manner in an investigation, proceeding, or hearing under this subchapter."

81. Defendant CUNEX engaged in an unlawful employment practice prohibited by 42 U.S.C. §2000e et seq. by discriminating against Plaintiff with respect to the terms, conditions or privileges of employment, because of her complaint of sexual harassment.

**WHEREFORE**, Plaintiff respectfully requests a judgment against Defendant CUNEX:

A. Declaring that Defendant CUNEX engaged in an unlawful discriminatory practice prohibited by the ADA and Title VII, and that Defendant CUNEX discriminated against Plaintiff on the basis of her sex/gender and actual and/or perceived disability, together with. failure to engage in the interactive process, failure to provide a reasonable accommodation, retaliation and unlawful termination;

B. Awarding damages to the Plaintiff for any lost wages and benefits, past and future, back pay and front pay, resulting from Defendant CUNEX's unlawful employment practices;

C. Awarding Plaintiff compensatory damages for mental, emotional and physical injury, distress, pain and suffering and injury to reputation in an amount in excess of the jurisdiction of all lower courts;

D. Awarding Plaintiff punitive damages;

E. Awarding Plaintiff attorney's fees, costs, and expenses incurred in the prosecution of the action;

F. Awarding Plaintiff such other and further relief as the Court may deem equitable, just and proper to remedy Defendant CUNEX's unlawful employment practices.

## **JURY DEMAND**

Plaintiff requests a jury trial on all issues to be tried.

**WHEREFORE,** Plaintiff demands judgment against Defendant CUNEX, jointly and severally, in an amount to be determined at the time of trial plus interest, punitive damages, attorneys' fees, costs, and disbursements of action; and for such other relief as the Court deems just and proper.

Dated: April 23, 2025
New York, NY

By: *Max C. Bracero, Esq.*
**ARCÉ LAW GROUP, P.C.**
*Attorneys for Plaintiff*
Max C. Bracero, Esq.
45 Broadway, Suite 2810
New York, NY 10006
max.bracero@arcelawgroup.com
(212)-248-0120